UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARRIS, #292201,

    Petitioner,

v.

CASE NO. 2:13-CV-12155
HONORABLE GERSHWIN A. DRAIN

JOHN PRELESNIK,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Willie Harris ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a), and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), following a bench trial in the Washtenaw County Circuit Court. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 50 to 80 years imprisonment on the first-degree convictions and 19 to 80 years imprisonment on the second-degree conviction. In his pleadings, he raises the following claim:

> The case should be remanded to the trial court for an evidentiary hearing on the defense claim of newly discovered evidence that Crystal Smith attempted to get money from [Petitioner's] sisters and when they refused to pay her she threatened them with an allegation of sexual misconduct between [Petitioner] and Ms. Smith's grandson.

Petition, p. 4.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be denied.

**II.     Facts and Procedural History**

Petitioner's convictions arise from his sexual abuse of his girlfriend Crystal Smith's five-year-old grandson at her home in Ypsilanti, Michigan. At trial, the boy testified about three incidents of sexual abuse that occurred while he was visiting his grandmother in April, 2009. The boy told his mother about the abuse when he returned to his home in Detroit, Michigan. His mother immediately contacted the Detroit Police Department and Smith made a report with the Ypsilanti Police Department in May, 2009. Petitioner denied sexually abusing the boy and claimed that Smith coached the boy to fabricate the allegations. At the close of trial, the judge found him guilty of the charged offenses.

Following his convictions and sentencing, Petitioner moved for a remand and filed an appeal of right with the Michigan Court of Appeals raising the same claim presented on habeas review. The court denied the motion for a remand and affirmed Petitioner's convictions, concluding that Petitioner could have discovered the new information (a letter

2

from his sister about a confrontation with Smith) with reasonable diligence before trial, that the evidence would primarily be used for impeachment purposes, and that the evidence was "essentially cumulative and would not make a different result probable on retrial." *People v. Harris*, No. 298340, 2011 WL 4375166, *2 (Mich. Ct. App. Sept. 20, 2011) (unpublished). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court raising the same claim, which was denied in a standard order. *People v. Harris*, 491 Mich. 854, 808 N.W.2d 775 (2012). Petitioner dated his federal habeas petition on May 6, 2013.

## III.   Discussion

Petitioner asserts that he is entitled to habeas relief because the state courts erred in denying his request for an evidentiary hearing based upon newly discovered evidence, a letter from his sister about an alleged confrontation with Crystal Smith near the time of the events at issue.

In order to demonstrate that he is entitled to federal habeas relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

3

the State court proceedings.

28 U.S.C. § 2254(d).

In this case, the Michigan Court of Appeals found that Petitioner was not entitled to a remand for an evidentiary hearing on his newly-discovered evidence claim and affirmed his convictions. The Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[1] Petitioner has failed to establish a constitutional violation.

To the extent that Petitioner alleges a violation of state law in his pleadings, he is not entitled to relief from this Court. Alleged trial court errors in the application of state law are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Thus, given that a federal habeas court may not correct a state court's misapplication of its own law, a state court's denial of a motion for remand or new trial based upon newly-discovered evidence does not provide a basis for federal habeas relief. *Kirby v. Dutton*, 794 F.2d 245, 246–47 (6th Cir. 1986); *Monroe v. Smith*, 197 F. Supp. 2d 753, 763 (E.D. Mich. 2001).

Furthermore, claims of actual innocence based on newly-discovered evidence "have never been held to state a ground for federal habeas relief absent an independent

---

[1]The Court would reach the same result under a *de novo* standard of review.

4

constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.* In *House v. Bell*, the United States Supreme Court declined to answer the question left open in *Herrera* – whether a habeas petitioner may bring a freestanding claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 555 (2006) (noting that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional and warrant federal habeas relief if there were no state avenue open to process such a claim").

Citing *Herrera* and *House*, the United States Court of Appeals for the Sixth Circuit has ruled that a free-standing claim of actual innocence based upon newly discovered evidence does not warrant federal habeas relief. *See Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that [Petitioner] is not entitled to relief under available Supreme Court precedent."); *Cress v. Palmer*, 484 F.3d 844, 854–55 (6th Cir. 2007); *see also Sitto v. Lafler*, 279 F. App'x 381, 381-82 (6th Cir. 2008) (affirming denial of habeas relief on similar claim); *Thomas v. Perry*, No. 2:11-CV-14363, 2013 WL 1747799, *6 (E.D. Mich. April 23, 2013) (denying habeas relief on newly discovered evidence claim). Consequently, Petitioner's assertion that the state courts erred in denying him an evidentiary hearing based upon newly-discovered evidence fails to state a claim upon which federal habeas relief may be granted.

**IV.   Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim and his habeas petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

/s/Gershwin A Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2013